UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT BLEVINS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-4222 |
| | § | |
| ZIVFC, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON THE DEFENDANTS' MOTION TO DISMISS OR TRANSFER

### I.   INTRODUCTION

Before the Court are the defendants', Patrick L. Trammell, Jr., Houndstooth Capital, LLC, Omega Capital Enterprises, LLC, Omega Capital Advisors, LLC and Omega Communities, LLC (the "Trammell defendants") motion to dismiss or alternative motion to transfer venue to the United States District Court for the Northern District of Alabama. (Dkt. Nos. 26 and 31). Also before the Court is the plaintiff, Robert Blevins', response to the Trammell defendants' motion (Dkt. No. 41) and the Trammell defendants' reply (Dkt. No. 46). After a careful review of the motion, response and reply, the Court is of the opinion that the Trammell defendants' motion should be denied.

### II.   FACTUAL BACKGROUND

The plaintiff asserts as fact that the Trammell defendants, along with Brian Z. S. Herzig, Emilie Herzig, ZivFC, LLC and Houndstooth Capital, LLC participated in a "series of financial schemes intended to defraud [him]." He further asserts that the Trammell defendants induced him to enter into two loans totaling $6.5 million based on a series of false and fraudulent

statements. According to the plaintiff the scheme was twofold. First, the Trammell defendants "laid" plans to obtain a $6 million loan from the plaintiff to fund "fake" business operations in anticipation of securing a larger multi-million dollar loan. The second aspect of the scheme, according to the plaintiff, was that Trammell, himself, was to obtain a $500,000 loan from the plaintiff to be used in his venture, Omega Communities, LLC, a real estate development operation.

In October of 2010, Trammell, while attending a meeting in Florida, was introduced to Brian Z.S. Herzig. They discussed a financial transaction that involved obtaining a multi-million dollar loan, some $120 million, for Herzig. To obtain the loan, the source of the loan would require that Herzig show "proof of funds" or 10% of the loan amount on hand. Trammell agreed to assist in securing the "proof funds," but also saw an opportunity to secure a $500,000 loan for his venture, Omega Communities, LLC. Trammell approached the plaintiff, whom he had known for nearly 30 years, concerning the possibility that he might extend a short term loan to Herzig to cover the "proof of funds" requirement. In turn, the plaintiff would benefit.

According to the plaintiff, to induce him to make the two loans, Trammell told the plaintiff that any money loaned to Herzig would be secured by the Herzig family's "substantial onshore and offshore assets [which were] well in excess of $1 billion." The plaintiff agreed and did loan Herzig $6 million and Trammell the $500,000 loan that he personally requested. The defendants have since failed and refused to repay the loans.

The plaintiff now contends that he was unaware that the companies where the funds were to be invested were "shell" corporations that had no ongoing business operations. He further contends that he did not know that approximately $2.5 million of the $6 million would be re-routed to Trammell. When Herzig and Trammell failed to repay the loans as promised, the

plaintiff commenced this suit for breach of promissory note, fraud, breach of contract, disgorgement, conspiracy, racketeering, unjust enrichment, to establish a constructive trust, and for injunctive relief. In response, the Trammell defendants seek dismissal of the plaintiff's suit or a transfer based on Fed. R. Civ. P. 12(b)(2) and 28 U.S.C. § 1391 *et. seq.*

### III.    STANDARD OF REVIEW

Rule 12(b)(2) authorizes a motion to dismiss based on the defense that a court lacks jurisdiction over the defendant. *See* FED R. CIV. P. 12(b)(2). On such a motion, the plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant. *See Bullion v. Gillespie*, 895 F.2d 213, 216 - 17 (5th Cir. 1990). Where a court rules on such a motion without a hearing, however, the court must accept, as true, all uncontroverted allegations in the plaintiff's complaint and resolve all factual conflicts presented by the parties' affidavits in the plaintiff's favor. *Id.* at 217. Thus, absent a hearing, the plaintiff need only establish a prima facie case for personal jurisdiction. *Id.* Nevertheless, after the plaintiff establishes its prima facie case, the burden then shifts to the non-resident defendant to demonstrate a "compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

"The Due Process Clause . . . permits the exercise of personal jurisdiction over a nonresident defendant when (1) [the] defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over [the] defendant does not offend 'traditional notions of fair play and substantial justice.'" *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)) (internal citations omitted). Both portions of this test must be satisfied in this case before the Court can

exercise personal jurisdiction over a non-resident defendant. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific jurisdiction over a non-resident defendant is said to exist when the non-resident defendant has "purposefully directed its activities at the forum state and the 'litigation results from alleged injuries that 'arise out of or relate to' those activities.'" *Alpine View*, 205 F.3d at 215 (quoting *Burger King*, 471 U.S. at 472, 105 S. Ct. at 2174) (internal quotation marks omitted). General jurisdiction, on the other hand, is said to exist "where the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are 'continuous and systematic.'" *Alpine View*, 205 F.3d at 215 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 - 16, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984)). Nonetheless, even when "minimum contacts" are found, the court must still determine whether allowing such a suit would offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

## IV.   ANALYSIS AND DISCUSSION

The Court is of the opinion that the plaintiff's pleadings sufficiently state a cause of action against the Trammell defendants. A court must accept a plaintiff's stated claim(s) for relief as sufficient when the claims are supported by factual pleadings beyond mere conclusory statements. *See* Fed. R. Civ. Pro*.,* 12(b)(6); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And, while the plaintiff's pleadings may not allege facts concerning each element of a claim, such analysis is unnecessary and may lead the Court into an analysis beyond the review required by the federal rules for pleadings. *See* Fed. R. Civ. P. [Rules 8(a), 9(b) and

12(b)(6)].  The sufficiency of the plaintiff's pleadings will be left to later scrutiny as there exists at least one claim that sustains his suit.  *See Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007).  Therefore, the Trammell defendants' motion to dismiss based on insufficient pleadings is denied.  The Court now turns to the Trammell defendants' motion to transfer venue.

The Trammell defendants seek dismissal under Rule 12(b)(2), asserting a lack of personal jurisdiction.  As stated previously, dismissal is appropriate where a nonresident defendant lacks "minimum contacts" with the forum state; where the nonresident defendant has not purposefully conducted business or otherwise engaged in systematic and continuous conduct in the forum state.  *See Johnston v. Multidata Systems Intern Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  The Trammell defendants assert that this Court lacks jurisdiction over them because they were residents of states other than Texas – Alabama, Delaware, Florida and Tennessee when the event that gave rise to this litigation occurred.  They further assert that "[t]hey do not have offices, bank accounts, employees, or business records in Texas; do not own real property in Texas; do not regularly travel to Texas for business; do not regularly solicit business in Texas; and do not derive revenues from services rendered in Texas."  With regard to their contacts with the plaintiff, the Trammell defendants point out that their contact occurred in Kentucky when the plaintiff was introduced to Herzig.  Finally, the Trammell defendants assert that the sole contact that Trammell had with the state of Texas occurred when he travelled to Texas "to assist [the plaintiff] in recovering against Herzig."  Therefore, the Trammell defendants argue that there are no systematic or continuous contacts between them and the state of Texas.

The plaintiff relies on specific jurisdiction as the basis for maintaining his suit in Texas.  And, because the plaintiff has failed to sufficiently allege fraud and RICO claims under Rule 9(b), those pleading deficiencies preclude this Court from exercising personal jurisdiction over

the plaintiff's tort claims. In addition, the Trammell defendants argue that: (a) there are no pleadings that the defendants committed a tortious act within Texas or caused sufficient injury within Texas to justify the exercise of personal jurisdiction; (b) the plaintiff's reliance on the "effects" test is misapplied and fails to confer personal jurisdiction; and (c) the plaintiff has failed to demonstrate that the Court has specific jurisdiction over his breach of contract claim. In particular, the plaintiff maintains that the "handshake agreement" between the plaintiff and Trammell did not contemplate a continuing or long term relationship between the two and, as well, was consummated outside Texas. Therefore, the Trammell defendants argue, the plaintiff's pleadings do not support personal jurisdiction.

A review of the plaintiff's pleadings teaches that specific jurisdiction exists. The plaintiff asserts that he was induced to make the $6 million loan by Trammell's assurance that Herzig and ZivFC were financially capable of handling the loan and that they were "backed not only by Herzig's personal guarantee, but also by [his] family's substantial onshore and offshore asserts, including assets held by [Herzig's] father." In paragraph 26 of his pleadings, the plaintiff asserts that the "statements and representations seemed reliable . . . and were 'backed up' by written materials mailed and wired to [the plaintiff]." These materials, asserts the plaintiff, were false representations of Herzig's asserts and business operations.

In paragraph 28 of the plaintiff's pleadings, the plaintiff asserts that Trammell concealed the fact that Trammell had negotiated a side deal whereby he would receive approximately $2.5 million of the $6 million that was borrowed by Herzig and ZivFC. In addition to the fact that Herzig refused to repay the loan, Trammell also refuses to repay the $500,000 loan that he received. The plaintiff also asserts that: (a) Trammell never disclosed that he held a financial stake in the DEW Global Finance scheme; (b) Trammell executed a contract stating that he was

the exclusive financer for Omega Communities although there was no financing; (c) Herzig, in reality, had few, if any, personal assets or income; and (d) Trammell formed a series of new companies to act as conduits in order to receive the loan proceeds and make wire transfers relating to the defendants' various schemes.

The Court is of the opinion that the contours of the alleged scheme, if and when supplemental by discovery, may give rise to renewed dispositive motions, however, the rules of pleading do not require that a claimant plead the details of a scheme that he alleges arises out of a conspiracy in order to maintain his cause of action. Therefore, the plaintiff's pleadings are adequate to overcome a Fed. R. Civ. P. 12(b)(6) analysis.

Assuming the plaintiff's pleadings to be true, the Court determines that false and misleading documents and conversations directed to the plaintiff in Texas are sufficient to establish personal jurisdiction. *See FCA Ins. Co. v. Bay Corp. Holdings, Ltd.,* 48 Fed. App'x 480 (5th Cir. 2002) (false assurance and misrepresentations sent to Texas to induce a plaintiff and the fact that the plaintiff detrimentally relied upon such assurances and misrepresentations is a sufficient basis for a court to exercise specific jurisdiction over a defendant). In the case at bar, the plaintiff asserts that mail, text messages and written communications preceded the consummation of the loans. Assuming the plaintiff's allegations concerning the Trammell defendants' motives to be true, acts constituting intentional torts, purposefully intended to separate the plaintiff from his money constitute sufficient contacts. And, of course assuming the Trammell defendants' conduct was purposeful, it was foreseeable that a civil action would be brought in Texas as a consequence. *See Miss. Interstate Express, Inc., v. Transpo, Inc.,* 681 F.2d 1003, 1007 (5th Cir. 1982); *W. Gulf Mar. Ass'n v. Lake Charles Stevedores, LLC*., No. H-09-

2367, 2010 U.S. Dist. LEXIS 3162, at 9 - 12 (S.D. Tex. Jan. 15, 2010). Accordingly, the Court concludes that personal jurisdiction is established.

Finally, the Court is of the opinion that the Colorado River doctrine of abstention is inapplicable. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). This is so because the courts involved are not of equal rank and, dual court litigations in the state of Alabama, both state and federal, would require a stay of either the federal or state case or the removal of the state case to federal court. There is also the issue of whether the administration of justice is properly served by joining the plaintiff's suit against the Trammell defendants with a suit involving parties with whom the plaintiff has no claim. An efficient use of judicial resources might, on the surface, tend toward joinder; however, experience teaches that disparate claims in a single suit, and/or delay in litigation due to unnecessary parties often increase costs and inefficiency. Therefore, the Court is of the opinion that the "exceptional circumstances" dictated by the Colorado River abstention doctrine are not present here and, thus, the motion to dismiss on this basis should be denied.

It is so Ordered.

SIGNED on this 24th day of December, 2012.

                                            Kenneth M. Hoyt
                                            United States District Judge